See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

UNITED STATES of America, EX REL. Harry BARKO, and Harry Barko, Appellant

v.

HALLIBURTON COMPANY, et al., Appellees

No. 17-7057
September Term, 2017

United States Court of Appeals, District of Columbia Circuit.

Filed on: December 27, 2017

R. Craig Lawrence, U.S. Attorney's Office, (USA) Civil Division, Washington, DC, for Plaintiff

David Keith Colapinto, Michael Kohn, Esquire, Stephen Martin Kohn, Esquire, Kohn, Kohn & Colapinto, LLP, Washington, DC, for Plaintiff-Appellant

John P. Elwood, Tirzah Lollar, Craig David Margolis, Vinson & Elkins LLP, Washington, DC, for Defendants-Appellees Halliburton Company, Kellogg Brown & Root Services, Inc., KBR Technical Services, Inc., Kellogg Brown & Root Engineering Corporation, Kellogg Brown &

Root International, Inc., Kellogg Brown & Root, Inc.

Craig David Margolis, Vinson & Elkins LLP, Washington, DC, for Defendant-Appellee Kellogg Brown & Root International, Inc.

Before: Kavanaugh and Wilkins, Circuit Judges, and Randolph, Senior Circuit Judge.

## JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia, and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. See FED. R. APP. P. 36; D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the district court's judgment is affirmed.

Harry Barko's appeal is from the district court's grant of summary judgment in favor of the defendants. Barko brought his *qui tam* action alleging that Kellogg Brown & Root and its affiliates ("KBR") were liable for violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.* According to Barko's complaint, KBR accepted kickbacks from Jordanian subcontractors while it was working for the United States Army in Iraq in the early-to-mid 2000s.[1] Barko's appeal from the grant of summary judgment is mainly on the grounds that the court's evidentiary rulings were mistaken and that the court erred in construing the scope of his complaint.

We affirm.

---

1. The district court's opinion provides a detailed factual recital of Barko's claims and the evidence relating to them. *See United States ex*

*rel. Barko v. Halliburton Co.*, 241 F.Supp.3d 37, 43–48 (D.D.C. 2017).

We will deal first with Barko's contention that the district court failed to consider his circumstantial evidence that KBR was receiving kickbacks from local subcontractors and, in doing so, held him to some sort of "direct evidence" standard. Appellant's Brief at 27–33. Barko is correct that circumstantial evidence may have as much probative value as direct evidence. You may retire to bed with the ground clear and, when you awaken the next morning, the sky is cloudless but there is a foot of snow on the ground. That is pretty good circumstantial evidence that it snowed while you were asleep. And so we take Barko's point about circumstantial evidence.

But the problem for Barko is that the district court did consider the circumstantial evidence properly before it. *See United States ex rel. Barko v. Halliburton Co.*, 241 F.Supp.3d at 53–58. Judge Lamberth's opinion may not specifically analyze every contracting irregularity Barko identifies. Appellant's Brief at 31–32. But those irregularities were too far removed from any possible kickbacks—and too untethered from any claims for payment KBR filed with the government—to shift the summary judgment scales and produce a reasonable inference that KBR's claims were infected by an illegal kickback scheme. *See Haynes v. Williams*, 392 F.3d 478, 485 (D.C. Cir. 2004) ("The possibility that a jury might speculate in the plaintiff's favor is insufficient to defeat summary judgment.").

Barko argues that the district court put too little weight on the four declarations of former KBR employees. Appellant's Brief at 39–41. The district court convincingly explained why those declarations could not defeat summary judgment. *See Barko*, 241 F.Supp.3d at 55–58. We emphasize only that when Barko did provide evidence of a kickback, he utterly failed to tie the al-

leged kickback to a specific false claim KBR submitted. *See United States ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 551 (D.C. Cir. 2002) (the False Claims Act "attaches liability, not to underlying fraudulent activity, but to the claim for payment").

Barko challenges the district court's treatment of reports of KBR employees alleging misconduct by KBR supervisors. Appellant's Brief at 34–39. The district court properly concluded that the reports contained inadmissible hearsay. *Barko*, 241 F.Supp.3d at 54. Barko's invocation of the business records exception fails because he has not shown that the individuals who reported misbehavior did so as part of their "regularly conducted activity" working for KBR. FED. R. EVID. 803(6). Likewise, the present sense impression exception is inapposite because Barko has not shown that these reports were made contemporaneously to the alleged wrongdoing. FED. R. EVID. 803(1).

Barko also argues against the court's treatment of several privileged investigative reports. First, he requests an adverse inference against KBR based on language in *In re Kellogg Brown & Root, Inc.*, 796 F.3d 137, 146 (D.C. Cir. 2015). Appellant's Brief at 41–42. The inference would be that these reports contained evidence of wrongdoing because KBR did *not* submit them to the government pursuant to regulations requiring it to inform the government of possible illegal conduct. The district court correctly concluded that this inference was inconsistent with the purposes of the attorney-client privilege. *Barko*, 241 F.Supp.3d at 54–55. Second, Barko requests that we reverse the district court's earlier decision holding that these reports were not discoverable under the crime-fraud exception. Appellant's Brief at 49–53. The court correctly held that the reports, made pursuant to internal investi-

gation procedures, were not made in furtherance of a crime or fraud. Order at 26–29, *United States ex rel. Barko v. Halliburton Co.*, 74 F.Supp.3d 183 (D.D.C. 2014), ECF No. 205.

Finally, Barko challenges the district court's conclusions regarding an allegedly false claim KBR submitted to the government in 2012. Appellant's Brief at 45–49. The district court correctly held that the amended complaint—filed in 2007—could not be construed to include an allegedly false claim that was not submitted until 2012. *Barko*, 241 F.Supp.3d at 69–70. Barko now argues that his complaint was constructively amended because KBR consented to litigate this issue. Appellant's Brief at 47–49. He also argues that the district court should have granted leave to amend the complaint. Appellant's Brief at 47. We need not decide whether a defendant can impliedly consent to litigate a claim at summary judgment, *see Independent Petroleum Ass'n of America v. Babbitt*, 235 F.3d 588, 596 (D.C. Cir. 2001) (noting that this is an open question), because there is "no clear evidence" that KBR consented here. *Id.* Further, the district court did not abuse its discretion by denying leave to amend the complaint. Barko never requested leave in the first place.

In short, Barko has offered evidence tending to prove a hodgepodge of wrongdoing and mismanagement, but he has not satisfied the requirements of the False Claims Act. The Act "is not an all-purpose antifraud statute, or a vehicle for punishing garden-variety breaches of contract or regulatory violations." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, — U.S. —, 136 S.Ct. 1989, 2003, 195 L.Ed.2d 348 (2016) (internal citations omitted). Making out a claim under the Act requires proof not only that KBR engaged in improper or illegal behavior, but also that this behavior was tied to the submission of claims against the government and was material to the government's decision to pay. *See id.* at 1996. Although Barko may have cast doubt on whether KBR's relationship with its local subcontractors was up-to-code, he has failed to put together all the pieces of a False Claims Act claim.

We agree with the district court that there were no genuine issues of material fact and that the defendants were entitled to summary judgment in their favor. We have considered and rejected Barko's other contentions.

Pursuant to Rule 36 of this court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc. See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.